**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Mustafa Ali,

               Plaintiff,               Civ. No. 10-1945 (PJS/JJK)

v.

                                       **REPORT AND RECOMMENDATION**

Jill Barger and John Doe,

               Defendants.

---

      This matter is before the Court on the unopposed motion of Defendants Jill Barger and John Doe for "Sanctions Including Dismissal" with prejudice of Plaintiff Mustafa Ali's action. (Doc. No. 25.) For the reasons set forth below, this Court recommends that Defendants' motion be granted.

      On March 29, 2011, this Court granted Defendants' Motion to Compel Discovery and required Plaintiff to serve discovery responses by April 8, 2011. (Doc. No. 24.) Plaintiff failed to comply with the March 29, 2011 Order and to respond to Defendants' discovery requests or otherwise contact Defendants' counsel. Defendants then moved for sanctions, including dismissal of this action. (Doc. No. 25.) This Court held a hearing on the motion for sanctions on June 2, 2011. Plaintiff did not appear at the June 2, 2011 hearing. On June 6, 2011, this Court issued an Order to Show Cause why this action should not be dismissed for Plaintiff's failure to prosecute, and failure to comply with the Court's March 29, 2011 Order compelling discovery. (Doc. No. 31.) The Order to Show Cause

stated that Plaintiff's response must be in writing and must be filed and served on or before June 20, 2011.  (*Id.*)   To date, Plaintiff has not filed a response.

Based on this Court's express warning regarding the consequences of Plaintiff's failure to respond to this Court's Order, it is now recommended that Plaintiff be deemed to have abandoned his action, and that the action be dismissed with prejudice.  *See* Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); *Henderson v. Renaissance Grand Hotel*, 267 Fed. Appx. 496, 497 (8th Cir. 2008) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); *Givens v. A.H. Robins Co.*, 751 F.2d 261, 263 (8th Cir. 1984) (finding that dismissal with prejudice under Rule 41 is appropriate where there is a willful disobedience of a court order or continued or persistent failure to prosecute a complaint); *Grant v. Astrue*, No. 09-2818, 2010 WL 3023915 at *1 (D. Minn. July 13, 2010) (same). Further, this Court concludes that Plaintiff's failure to respond to Defendant's motion for sanctions and to dismiss should be treated as a default, and that Defendants' motion to dismiss Plaintiff's Complaint should be granted.  For these reasons, this Court recommends that Plaintiff's Complaint be dismissed with prejudice.

## RECOMMENDATION

Based on the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.  Defendants' Motion for Sanctions Including Dismissal (Doc. No. 25), be **GRANTED**; and

2.  This case be DISMISSED WITH PREJUDICE.

Date: June 28, 2011            *s/ Jeffrey J. Keyes*
                               JEFFREY J. KEYES
                               United States Magistrate Judge

Under Local Rule 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 12, 2011,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.